```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :    INDICTMENT

          -v.-                    :    S2 07 Cr. 1007

NOAH MENZIES,                     :
GEORGE EDWARDS,
MECCAH LAMBERT,                   :
NATALIE JOHNSON, and
DOMINIQUE DORSEY,                 :
     a/k/a "Dominique Dorseau,"
                                  :
              Defendants.
                                  :
- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 24 2008

COUNT ONE

The Grand Jury charges:

1.   From in or about May 2006, up to and including in or about October 2006, in the Southern District of New York and elsewhere, NOAH MENZIES, GEORGE EDWARDS, MECCAH LAMBERT, NATALIE JOHNSON, and DOMINIQUE DORSEY, a/k/a "Dominique Dorseau," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other, to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 1343.

2.   It was a part and an object of the conspiracy that NOAH MENZIES, GEORGE EDWARDS, MECCAH LAMBERT, NATALIE JOHNSON, and DOMINIQUE DORSEY, a/k/a "Dominique Dorseau," the defendants, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses,

representations and promises, unlawfully, willfully, and knowingly, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in a manner affecting financial institutions, in violation of Title 18, United States Code, Section 1343.

<u>OVERT ACTS</u>

3.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about May 8, 2006, MECCAH LAMBERT, the defendant, withdrew approximately $800 from a Chase Bank account at an ATM located in Manhattan.

b.   On or about May 24, 2006, NATALIE JOHNSON, the defendant, withdrew approximately $800 from a Chase Bank account at an ATM located in Manhattan.

c.   On or about August 11, 2006, DOMINIQUE DORSEY, a/k/a "Dominique Dorseau," the defendant, withdrew approximately $800 from a Chase Bank account at an ATM located in Manhattan.

d.   On or about October 11, 2006, NOAH MENZIES, the defendant, withdrew approximately $40,000 from a Commerce Bank account at a branch located in Manhattan.

e.   On or about October 16, 2006, GEORGE EDWARDS, the

defendant, withdrew approximately $30,000 from a Commerce Bank account at a branch located in Manhattan.

(Title 18, United States Code, Section 1349.)

## FORFEITURE ALLEGATION

4.  As the result of committing the offenses in violation of Title 18, United States Code, Section 1349, alleged in Count One of this Indictment, NOAH MENZIES, GEORGE EDWARDS, MECCAH LAMBERT, NATALIE JOHNSON, and DOMINIQUE DORSEY, a/k/a "Dominique Dorseau," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Count One above, including but not limited to the following:

   a.  At least $355,573 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses charged in Count One of this Indictment, for which the defendants are jointly and severally liable.

### Substitute Asset Provision

5.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited

with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1343, and Title 28, United States Code, Section 2461.)


_____          _____
FOREPERSON                                MICHAEL J. GARCIA
                                          United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

===

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

===

UNITED STATES OF AMERICA

- v. -

NOAH MENZIES,
GEORGE EDWARDS,
MECCA LAMBERT,
NATALIE JOHNSON, and
DOMINIQUE DORSEY

Defendants.

===

INDICTMENT

S2 07 Cr. 1007

(18 U.S.C. § 1349)

 

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

*[signature]*
Foreperson.

===